**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

DARIN LEE JONES,

                Plaintiff,

      v.

DEPARTMENT OF CORRECTIONS,
DR. LORANCE, and DR. HALGUM,

                Defendants.

Case No. 3:23-cv-00198-SLG-KFR

### ORDER OF DISMISSAL

On January 19, 2024, self-represented prisoner Darin Lee Jones filed a Notice of Voluntary Dismissal.[1] A Notice of Voluntary Dismissal is ordinarily effective without an order from the Court.[2] Plaintiff's Notice of Voluntary Dismissal is accepted, and the Clerk shall close this case.

This order addresses the following statement in the notice: "At this time it would be out of my means to try to do a malpractice, I am reserving the right to amend this complaint within the 2 years from this dismissal."[3] Plaintiff does not have a right to file an amended complaint in this case. A voluntary dismissal does not preclude a plaintiff from seeking relief in the future by filing a new lawsuit.[4]

---

[1] Docket 8.

[2] Fed. R. Civ P. 41(a)(1)(A)(i).

[3] *Id.*

[4] *See* Federal Rule of Civil Procedure 41(a).

However, contrary to Mr. Jones's assertion in his notice, a plaintiff does not have the right to file an amended complaint in a closed case, either within two years or at any other time. Further, a plaintiff has no right to extend an applicable statute of limitations by request. Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.[5]

A statute of limitations bars claims after a specified time based on the date when the claim accrued (when the injury occurred or was discovered).[6] Equitable tolling may apply if a plaintiff files a suit first in one court and then refiles in another, such that the statute of limitations will not run while the litigation was pending in the first court.[7] The statute may be equitably tolled if (1) pursuit of the initial remedy gives the defendant notice of the plaintiff's claim, (2) the defendant's ability to

---

[5] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). *See also Douglas v. Noelle,* 567 F.3d 1103, 1109 (9th Cir.2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling.").

[6] STATUTE OF LIMITATIONS, Black's Law Dictionary (11th ed. 2019). *See also John's Heating Serv. v. Lamb,* 46 P.3d 1024, 1031 n. 14 (Alaska 2002) ("The date on which the statute of limitations begins to run is usually the 'date on which the plaintiff incurs injury.' " (quoting *Russell v. Municipality of Anchorage,* 743 P.2d 372, 375 (Alaska 1987))).

[7] EQUITABLE TOLLING, Black's Law Dictionary (11th ed. 2019).

Case No. 3:23-cv-00198-SLG, *Jones v. Department of Corrections, et al.*
Order of Dismissal
Page 2 of 3

gather evidence is not prejudiced by the delay, and (3) the plaintiff acted reasonably and in good faith.[8]

In Alaska, the statute of limitations for personal injury claims, such as a medical malpractice claim, is two-years.[9] Unless a plaintiff can demonstrate a basis for tolling, the statute of limitations continues to run, generally from the date on which the injury occured. If a claim is not filed within the applicable statute of limitations, dismissal is proper even if the plaintiff is self-represented.[10]

**IT IS THEREFORE ORDERED:**

1.      This action is **DISMISSED without prejudice.**

2.      Any pending motions are **DENIED as moot.**

3.      The Clerk of Court shall close this case.

DATED this 25th day of January, 2024.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE

---

[8] _Kaiser v. Umialik Ins.,_ 108 P.3d 876, 881 (Alaska 2005).

[9] Alaska Statute § 09.10.070.

[10] _Robinson v. Alaska Hous. Fin. Corp._, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

Case No. 3:23-cv-00198-SLG, _Jones v. Department of Corrections, et al._
Order of Dismissal
Page 3 of 3